UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>DIEGO RAMIREZ-RAMOS,<br><br>Defendant-Petitioner. | No. 1:14-cr-00016-NONE-SKO-1<br><br>ORDER DENYING AS MOOT DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 21) |

On March 12, 2015, defendant Diego Ramirez-Ramos pled guilty to one count of violating 8 U.S.C. § 1326 (deported alien found in the United States). (Doc. No. 12.) On May 13, 2015, he was sentenced to serve a term of 37 months incarceration, with no term of supervised release to follow in light of his certain deportation. (Doc. No. 18.) In calculating his advisory sentencing guideline range, the presentence report assigned a sixteen (16) point upward adjustment in the offense level as a result of a prior felony drug trafficking conviction suffered by defendant. (Doc. No. 11 (PSR) at 4.)

On May 8, 2017, defendant filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, in which he argues that the sixteen-point upward adjustment was erroneously applied to him and, therefore, that his sentence should be reduced. (Doc. No. 21.) For an unknown reason, possibly because petitioner pled guilty to the underlying charge

pursuant to a plea agreement that included his waiver of the right to appeal or collaterally attack any part of his plea and sentence (*see* Doc. No. 12 at 3), his § 2255 motion was not properly flagged for action by the court at the time of its filing. This oversight was recognized by the court upon the un-assignment of this action on February 3, 2020. (Doc. No. 23.)

The court's own inquiry has revealed that petitioner is no longer in the custody of the Bureau of Prisons. Accordingly, his § 2255 motion, which seeks solely to reduce the sentence imposed in his case on April 13, 2015, and does not attack the underlying guilty plea/conviction, must be dismissed as moot because his motion cannot result in the granting of the requested relief. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.); *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (finding habeas petition challenging length of sentence moot once time had been served).

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal from the denial or dismissal of his 28 U.S.C. § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a 28 U.S.C. § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a 28 U.S.C. § 2255 motion or claims within the motion on the merits, a petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.* The court finds that petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court further finds that reasonable jurists would not find the court's assessment of petitioner's claims debatable

/////

or wrong. *Slack*, 529 U.S. at 483. Accordingly, the court DECLINES to issue a certificate of appealability.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Petitioner's § 2255 motion (Doc. No. 21) is DISMISSED AS HAVING BEEN RENDERED MOOT,

(2) The court DECLINES to issue a certificate of appealability; and

(3) The Clerk of Court is directed to assign a district judge to this matter for the purposes of closure and then to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: __**February 21, 2020**__

UNITED STATES DISTRICT JUDGE